IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Town of Quartzsite; Jeffrey Gilbert and Sondra Gayle Gilbert, husband and wife; Officer Rick Paterson; Officer Xavier Frausto and Terry Frausto, husband and wife; Denise Ann Florian, et al.,<br><br>　　　　　　Defendants. | No. CV-12-2629-PHX-LOA<br><br>**ORDER TO SHOW CAUSE** |

This case arises on the Court's review of the file.

**I. Background**

*Pro se* Plaintiff filed her Complaint on December 10, 2012. (Doc. 1) On January 14, 2013, Plaintiff consented to magistrate judge jurisdiction. (Doc. 5) In a January 16, 2013 Order, the Court warned Plaintiff she must timely and properly serve Defendants at Plaintiff's expense within 120 days of December 10, 2012 (*i.e.*, Apri1 12, 2013), the date she filed her Complaint or this action may be dismissed. (Doc. 6) To date, the only activity on the District Court's docket since the Court's January 16, 2013 warning occurred on April 9, 2013, nearly the 120th day from the Complaint's filing, when summonses were issued to the Plaintiff's representative. No summons has been filed to reflect Defendants, or any of them, have been served and Plaintiff has not moved for an extension to serve process on defendants pursuant to Rule 4(m), Fed.R.Civ.P., showing good cause.

**II. Failure to Prosecute**

"Plaintiff has the general duty to prosecute [her] case." *Ponce v. Arpaio*, 2007 WL 1077135, at *1 (D. Ariz. April 6, 2007) (citing *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978)). Federal Rule of Civil Procedure 41(b) permits involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (district court's authority to dismiss an action for lack of prosecution is necessary to prevent undue delays in the disposition of cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court). "The courts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citations omitted). "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* (citations omitted). "The law presumes injury from unreasonable delay." *Id.* A rebut-table presumption of prejudice to defendants arises when there is a failure to prosecute diligently. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). That presumption may be rebutted where a plaintiff proffers an excuse for delay. *See Lauino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A district court has the inherent power to dismiss a case *sua sponte* for lack of prosecution. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted). In *Link*, the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. *Link*, 370 U.S. at 633; *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (district court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders). A dismissal pursuant to Rule 41(b) is committed to the sound discretion of the district court. *Link*, 370 U.S. at 633.

**III. Service of Process and Rule 4(m)**

"'Service of process is the mechanism by which the court [actually] acquires' the power to enforce a judgment against the defendant's person or property." *Robinson v. Heritage Elementary School*, 2009 WL 1578313, at *2 (D. Ariz., June 3, 2009) (quoting *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citations omitted). "In other words, service of process is the means by which a court asserts its jurisdiction over the person." *Id*. (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4.").

A plaintiff must serve all defendants with a copy of the summons and complaint within 120 days of filing a complaint. Rule 4(m), Fed.R.Civ.P. Pursuant to Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ." Thus, the Court may dismiss an action where a plaintiff fails to show "good cause" for failing to serve the summons and complaint within the 120-day deadline. *Townsel v. County of Contra Costa*, 820 F.2d 319 (9th Cir. 1987); *In re Sheehan*, 2001 WL 682453 (9th Cir. 2001). Ignorance of the existence of the 120-day rule does not constitute "good cause." *Id*., 820 F.2d at 320. The *Townsel* court expressly noted that the 120-day rule "force[s] parties . . . to be diligent in prosecuting their causes of action." *Id*. Therefore, the court held that "to hold that complete ignorance of the rule . . . constitutes good cause for untimely service would allow the good cause exception to swallow the rule." *Id*. Although district courts have broad discretion to extend the time for service under Rule 4(m), "no court has ruled that the discretion is limitless." *Efaw v. Williams*, 473 F.3d 1038 (9th Cir. 2007).

**III. Discussion**

Plaintiff is required to prosecute her litigation. If Plaintiff has settled her claims with Defendants, Plaintiff must promptly file a notice of dismissal. If the case remains active, and

1  the time for Defendants to answer or otherwise plead has expired, Plaintiff must file an
2  application for entry of default with the Clerk pursuant to Rule 55(a), and seek a default
3  judgment pursuant to Rule 55(b)(1) or (2), Fed.R.Civ.P.
4      While the 120-day service period has passed, it appears from the docket Plaintiff has
5  not accomplished service of process on Defendants, or any of them. In view of Rule 4(m),
6  Fed.R.Civ.P., the Court orders Plaintiff to show cause on or before **Monday, May 13, 2013**
7  why this lawsuit should not be dismissed without prejudice for failure to timely serve process
8  pursuant to Fed.R.Civ.P. 4(m) and prosecute this action. If service has not been made on or
9  before **Monday, May 13, 2013** and Plaintiff does not timely respond to this OSC or does not
10 demonstrate good cause to extend the time for service, the Court will dismiss this action
11 without prejudice and further notice for lack of service of process and prosecution pursuant
12 to Fed.R.Civ.P. 4(m), 41(b), and LRCiv 41.1 ("[N]otice must be given to the parties that
13 [dismissal] is contemplated, and the parties must be given the opportunity to show cause why
14 such action should not be taken[.]").
15     On the Court's own motion,
16     **IT IS ORDERED** that Plaintiff show cause in writing **on or before Monday, May**
17 **13, 2013** why this action should not be dismissed without prejudice and further notice for
18 lack of service of process and prosecution pursuant to Fed.R.Civ.P. 4(m), 41(b), and LRCiv
19 41.1
20     Dated this 29th day of April, 2013.

                                          */s/ Lawrence O. Anderson*
                                          Lawrence O. Anderson
                                          United States Magistrate Judge