**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones, | No. CV-12-2629-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Town of Quartzsite; Jeffrey Gilbert and Sondra Gilbert, husband and wife; Officer Rick Paterson; Officer Xavier Frausto; and Terry Frausto, husband and wife; and Denise Ann Florian, an adult female, | |
| Defendants. | |

On January 14, 2014, Defendants filed a Motion for Judgment On The Pleadings pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(c). (Doc. 45) Defendants move for judgment on the pleadings, alleging 1) the Complaint fails to allege sufficient facts to plausibly support federal claims under the First and Fourth Amendments; 2) the Complaint fails to state a state claim of intentional infliction of emotional distress and is time-barred by the one-year statute of limitations; 3) the Complaint fails to state a state a § 1983 claim against Defendant Denise Ann Florian because it fails to allege facts that she acted under color of law; and 4) Defendants Gilbert, Paterson, and Frausto are entitled to qualified immunity. (*Id.* at 1-2)

**I. Certificate of Conferral**

Defendants' motion fails to comply with the Court's May 17, 2013 Order, which requires a verified certification of conferral prior to filing a Rule 12(b)(6) or Rule 12(c),

1  Fed.R.Civ.P., indicating that Defendants' counsel has conferred, or attempted to confer, with
2  Plaintiff's counsel to determine whether an agreement to amend the Complaint would cure
3  any pleading deficiencies, but they have been unable to so agree. (Doc. 23 at 2-3)  This
4  certification is required as a condition to filing a Rule 12(b)(6) and 12(c) motion for two
5  reasons. Rule 15(a)(2), Fed.R.Civ.P., mandates that leave to amend should be "freely
6  give[n]" when justice so requires and "[t]he Ninth Circuit has instructed district courts to
7  grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, 'unless
8  the court determines that the pleading could not possibly be cured by the allegations of other
9  facts.'" *Schrock v. Federal Nat. Mortg. Ass'n*, 2011 WL 3348227, at *9 (D. Ariz. Aug. 3,
10 2011) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United
11 States*, 58 F.3d 494, 497 (9th Cir. 1995)). There is a "longstanding rule that '[l]eave to amend
12 should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Id*. at
13 1129 (quoting *Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)). This is
14 especially true if the deficient pleading was filed by a *pro se* litigant as in this case. *See
15 Marinov v. Federal Nat. Mortg. Ass'n*, 2012 WL 136003, at *3 (D. Ariz. Jan. 18, 2012).

16       In the District Court of Arizona, several Phoenix judges include a certification-of-
17 conferral order as a standard order early in the litigation requiring the parties to confer prior
18 to the filing of a motion to dismiss to determine whether such a motion can be avoided. *See
19 Monje v. Spin Master Inc*., 2013 WL 2390625, at *11 (D. Ariz. May 30, 2013). Motions to
20 dismiss that do not contain the required certification are subject to be stricken on the Court's
21 own motion. *See, e.g., Spiker v. Sanjivan PLLC*, 2013 WL 5200209, at *2 (D. Ariz. Sept. 16,
22 2013).

23 **II. Federal Rule of Civil Procedure 12(c)**

24       "Judgment on the pleadings is properly granted when there is no issue of material
25 fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v.
26 Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted). A Rule 12(c) motion is
27 properly filed "[a]fter the pleadings are closed - but early enough not to delay trial--a party
28 may move for judgment on the pleadings." Fed.R.Civ.P. 12(c)). A district court has

discretion to deny a Rule 12(c) motion after excessive delay. *See Argo v. Woods*, 399 Fed.Appx. 1 (5th Cir. 2010) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 514 (1990) ("Ordinarily, a motion for judgment on the pleadings should be made promptly after the close of the pleadings. . . ."); *Grajales v. Puerto Rico Ports Authority*, 682 F.3d 40, 46 (1st Cir. 2012) (district courts enjoy broad discretion, but court should hesitate to entertain Rule 12(c) motion once parties have invested substantial resources in discovery).

For purposes of a motion under Rule 12(c), a district court must accept a complaint's well-pleaded allegations as true, and construe the complaint in the light most favorable to the nonmoving party, but will not accept unsupported conclusory statements. *DiCarlo v. St. Mary Hospital*, 530 F.3d 255, 262-63 (3d Cir. 2008) (citation omitted); *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).[1] A motion for judgment on the pleadings is generally evaluated under the same legal standard as a motion to dismiss pursuant to Rule 12(b)(6). *Lopez Reyes v. Kenosian & Miele, LLP*, 525 F.Supp.2d 1158, 1160 (N.D. Cal. 2007). A motion to dismiss under Rule 12(b)(6) is proper when a complaint is based on the lack of a cognizable legal theory or there are insufficient facts alleged under a cognizable legal theory. *See Balistreri*, 901 F.2d at 699. Although materials outside of the pleadings should not be considered, a district court may consider all materials properly submitted as part of the complaint, such as exhibits. *See Hal Roach Studios*, 896 F.2d at 1555 n. 19. If "matters outside the pleadings are presented to and not excluded by the court," a Rule 12(c) motion must be treated as a summary judgment motion. Fed.R.Civ.P. 12(d).

**III. Discussion**

The Court's September 4, 2013 case management order set a November 1, 2013 deadline for amending pleadings in this case. (Doc. 40 at 6) It is troubling that Defendants

---

[1] The Court opines that the standard enunciated in *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990) is outdated because it preceded the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Twombly* abrogated *Conley v. Gibson*, 355 U.S. 41 (1957).

1  waited to file their motion until January 14, 2014, which is over eight months after
2  Defendants filed their Answer and two months after the pleading amendment deadline,
3  especially considering the Court raised the issue *sua sponte* whether Plaintiff's *pro se*
4  Complaint alleged sufficient facts to state claims at the September 3, 2013 case management
5  conference. (Doc. 40 at 4-5) The excessive delay and timing of the motion suggests
6  Defendants strategically waited to file the motion until after the amendment deadline to make
7  it more difficult for Plaintiff to cure any factual pleading deficiencies by amendment.

Because Defendants' motion does not contain a certificate of conferral and was not promptly filed, and Defendants excessively delayed filing the motion until after the amendment deadline had passed, the motion will be denied without prejudice.

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings, doc. 45, is **DENIED** without prejudice. Defendants may re-raise the issues in a summary judgment motion pursuant to Rule 56, Fed.R.Civ.P., at anytime before the July 18, 2014 dispositive deadline.

DATED this 24th day of February, 2014.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

- 4 -