**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones, | No. CV 12-2629-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Town of Quartzsite, et al., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss for Failure to Prosecute. (Doc. 49) Plaintiff was ordered to file a response by April 14, 2014, but she has not done so. (Doc. 50)

**I. Background**

Plaintiff filed a *pro se* complaint on December 10, 2012, but later retained out-of-district counsel in June 2013. (Docs. 1, 33) The six individual Defendants and Defendant Town of Quartzsite, Arizona filed answers on May 1 and May 16, 2013. (Docs. 8, 20) The parties expressly consented to magistrate judge jurisdiction on January 14, 2013 and May 29, 2013. (Docs. 5, 24)

The Court twice re-scheduled the case management conference in this matter because Plaintiff's Montana counsel, despite signing the parties' Joint Case Management Report, doc. 27, in June, 2013, failed to file a timely notice of appearance and seek admission to practice *pro hac vice* in the District Court of Arizona. (Docs. 29-30) He finally did so in July 2013.

(Doc. 33, 38) By the time Plaintiff's counsel was authorized to appear telephonically and practice law *pro hac vice* in this District Court, the case management conference had been rescheduled from June 28, 2013, to July 10, 2013, and then to September 3, 2013. (Docs. 26, 29, 35) The Rule 16 case management or scheduling order was finally issued the following day, September 4, 2013, nearly nine months after this action was filed. (Doc. 40) The scheduling order establishes firm deadlines for, *inter alia*, amending pleadings, November 1, 2013; completing all discovery, June 30, 2014; and filing dispositive motions, July 18, 2014. (*Id.*)

Defendants' Motion to Dismiss for Failure to Prosecute, doc. 49 at 1-2, outlines, and the docket confirms, Plaintiff has engaged in considerable delay in prolonging this lawsuit and failing to timely comply with court orders. Significantly, Defendants scheduled Plaintiff's deposition on three different dates, but Plaintiff managed to avoid being deposed on each date. (Docs. 43, 44 and 47) Defendants assert that when they attempted to confirm the first deposition date, December 10, 2013, Plaintiff's counsel indicated he was planning to file a motion to withdraw and asked that the deposition be rescheduled and defense counsel agreed.[1] (Doc. 49 at 2)  The deposition was rescheduled to January 22, 2014. (Doc. 44)  When Defendants contacted Plaintiff's counsel on January 21, 2014 to confirm the deposition was going as noticed, Plaintiff's counsel unilaterally cancelled the deposition because Plaintiff's car was allegedly in disrepair. (Doc. 49 at 2) Plaintiff's counsel indicated, however, that Plaintiff was available for her deposition "[a]nytime after February 1 - she expects to have her car repaired by then so she can drive to Phoenix and be deposed." (*Id.*, Exhibit "Exh." 2 at 18) The deposition was then rescheduled to March 3, 2014. (Doc. 47) Plaintiff, however, failed to appear for the deposition and has provided no reason for not

---

[1] Despite informing Defendants' counsel in an e-mail on December 10, 2013 that he intended to withdraw from Plaintiff's case, Plaintiff's counsel has not done so as of this date. Although he remains counsel of record for Plaintiff, he failed to file a response to Defendants' Motion for Judgment on the Pleadings, doc. 45, despite being ordered to do so, doc. 46, and, as noted above, failed to respond to the instant Motion to Dismiss for Failure to Prosecute, doc. 49.

1 appearing. (Doc. 49, Exh. 3, Court Reporter's Affidavit of Non-Appearance) Plaintiff's
2 deposition was noticed to begin at 9:00 a.m. on March 3, 2014, at defense counsel's Phoenix
3 office. (Doc. 47) On that day, defense counsel and the court reported waited "until
4 approximately 9:30 a.m., by which time [Plaintiff] had not appeared for the purpose of
5 having a deposition taken." (Doc. 49, Exh. 3 at 22) On March 12, 2014, Defendants filed the
6 instant motion. (Doc. 47)

**II. Discussion**

Defendants argue Plaintiff's case should be dismissed because Plaintiff "has repeatedly ignored the rules and various court orders and has made virtually no effort to prosecute her case — from failing to amend a deficient complaint, to failing to respond to a dispositive motion, to failing to appear for a deposition that was twice rescheduled to accommodate her." (Doc. 49 at 3) Except for her initial Rule 26(a) disclosures made under threat of sanctions imposed, doc. 41, the docket does not reflect Plaintiff has initiated any formal discovery.

Plaintiff has the general duty to prosecute her case. *See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *See also, Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-30 (1962) (district court's authority to dismiss an action for lack of prosecution is necessary to prevent undue delays in the disposition of cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court).

Neither Plaintiff nor her lawyer has offered an explanation for her failure to respond to either of Defendants' dispositive motions and each has completely disregarded the Court's January 16, 2014 and March 21, 2014 warnings that the failure to timely respond to Defendants' motion may be "deemed Plaintiff's consent to the granting of that motion without further notice, and judgment may be entered dismissing the complaint and this

- 3 -

1  lawsuit against . . . Defendants with prejudice pursuant to LRCiv 7.2(i)." (citation omitted) (Docs. 46 at 2; 50 at 2) The warning plainly stated, "This means the case is over." (Doc. 46 at 2) This warning, twice given, satisfies the Court's obligation to consider less drastic alternatives to dismissal. *See Malone v. United States Postal Service*, 83 F.2d 128, 131 (9th Cir. 1987). Additionally, Plaintiff bears the burden of persuasion as to the reasonableness of her delay and lack of prejudice to Defendants. *See Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984). Under the circumstances of this case, the delay is unreasonable and creates a presumption of prejudice to Defendants. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, a district court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson*, 779 F.2d at 1423). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. The case is now nearly a year-and-a-half old and, except for the initial disclosures exchanged under threat of sanctions by the Court, Plaintiff has filed nothing for nearly eight months and, according to the docket, has not initiated any written discovery or noticed any depositions. (*See* doc. 41, ¶ 1 at 6, Notice of Service of Plaintiff's Initial Disclosure Statement, filed on September 6, 2013) Despite two recent dispositive motions filed by Defendants, and orders from the Court to respond to those motions, Plaintiff has not responded to either one.[2] Plaintiff failed to

---

[2] Because Defendants' initial Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), doc. 45, filed on January 14, 2014, did not contain a certificate of conferral and was not promptly filed until after the amendment deadline had

- 4 -

1 appear for her deposition, even after it was rescheduled for her benefit due to apparent
2 transportation issues. Plaintiff's actions are preventing the case from proceeding in the
3 foreseeable future. Defendants have undoubtedly incurred substantial fees and costs in
4 defending this action, but the case is more developed today than it was at the September 3,
5 2013 case management conference. Moreover, the risk of prejudice to Defendants has
6 increased as time has passed while Plaintiff continues to ignore her obligation to prosecute
7 the case with impunity. The fourth factor, as always, weighs against dismissal.

8 "The authority of a federal trial court to dismiss a plaintiff's action with prejudice
9 because of h[er] failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629.
10 "The power to invoke this sanction is necessary in order to prevent undue delays in the
11 disposition of pending cases and to avoid congestion in the calendars of the District Courts."
12 *Id*. at 629-630; *see also Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996) (dismissal
13 with prejudice for willful and inexcusable failure to prosecute is a proper exercise of
14 discretion under Fed.R.Civ.P. 41(b) and the inherent power of the court) (citations omitted).

15 The fourth factor - public policy favoring disposition of cases on the merits - normally
16 weighs against dismissal and the fifth factor requires a district court to consider whether less
17 drastic alternatives are available and appropriate. The Ninth Circuit recognizes that warning
18 a party that her failure to obey the court's order will result in the dismissal can satisfy the
19 consideration of alternatives requirement. *e.g.*, *Ferdik*, 963 F.2d at 1262 (recognizing that a
20 warning can satisfy the "consideration of alternatives" requirement); *Malone*, 833 F.2d at 132
21 & n. 1 (noting that a warning is an alternative sanction, and that case law suggests that
22 warning a plaintiff that failure to obey a court order will result in dismissal can suffice).

23 Here, the Court has repeatedly warned Plaintiff that failure to respond to dispositive
24 motions could result in judgment being entered and dismissal of the complaint. Plaintiff has
25 disregarded each of the Court's orders in that regard. Accordingly, the Court finds it
26 unnecessary to continue issuing warnings which Plaintiff disregards. Given the lengthy and

28 passed, the Court denied the motion without prejudice in favor of a timely summary judgment motion pursuant to Rule 56, Fed.R.Civ.P. (Doc. 48)

dilatory conduct of Plaintiff in this litigation, the first three factors clearly favor dismissal with prejudice. The fourth factor, as always, weighs against dismissal. The Court has considered less drastic alternatives, but Plaintiff already have had two different opportunities to respond to dispositive motions and has not done so. Plaintiff's repeated failure to do so convinces the Court that the only possible less drastic alternative - dismissal with leave to amend - is not warranted.

Thus, after considering and weighing the above factors to the circumstances of this case, the Court finds that this action should be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to Prosecute, doc. 49, is **GRANTED**. This action is hereby **DISMISSED** with prejudice. The Clerk of Court is kindly directed to enter judgment in favor of Defendants and against Plaintiff.

Dated this 28th day of April, 2014.

Lawrence O. Anderson
United States Magistrate Judge